IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. CV F 06-1260 AWI LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al., | |
| Defendants. / | |

## INTRODUCTION

On September 14, 2006, plaintiff Janetta Sconiers ("plaintiffs") filed her 236-page complaint ("complaint") apparently to attempt to assert 42 U.S.C. § 1983 ("section 1983") claims in connection with a Fresno County fraud investigation of plaintiff. The complaint's caption list as defendants several Fresno County agencies and individuals who are apparently prosecutors or investigators with the Fresno County District Attorney's Office or other Fresno County agencies. The complaint's body fails to introduce specific defendants although it mentions Fresno County agencies and individuals. The complaint is cumbersome, rambling and somewhat incoherent. This Court construes the complaint to challenge investigation into plaintiff.

## DISCUSSION

### Standards For Screening

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

1

may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice

also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The face of the complaint reflects deficiencies and immunities to prevent plaintiff from offering evidence to support claims raised in the complaint.

### Jurisdictional Deficiencies

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis*

3

*v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The complaint fails to allege a proper basis for this Court's jurisdiction. The complaint appears to address a fraud investigation of plaintiff by Fresno County agencies, prosecutors and investigators.

To the extent that the complaint attempts to attack state court orders and proceedings, this Court is not the proper forum to do so. A federal court is not the proper forum to attack state court orders. Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [28 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738). "Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16).

Moreover, a federal court lacks subject matter jurisdiction to review final determinations of state courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). A federal district court is a court of original jurisdiction and has no authority to review final determinations of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

In short, the complaint reveals no grounds to properly invoke this Court's jurisdiction.

**General Deficiencies As To Claims**

F.R.Civ.P. 8(a) requires a short plain statement of plaintiff's claim. The complaint does not adequately identify grounds for relief against defendants to satisfy F.R.Civ.P. 8(a)(2). The complaint is rambling and disjointed and fails to provide defendants fair notice and to state elements of a claim plainly and succinctly. The complaint fails to demonstrate that plaintiff may pursue claims or seek relief subject to matters addressed in the complaint. The pleading deficiencies prevent this Court from proceeding on plaintiff's complaint.

Moreover, the complaint is so voluminous to prevent intelligent reading of it. "Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." *Redd v. Deuel Vocational Institute*, 2005 WL 1366431, at 2 (E.D. Cal. 2005).

**Section 1983 Deficiencies**

Plaintiff presumably seeks to proceed under 42 U.S.C. § 1983 ("section 1983") which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

5

*States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against a defendant. The complaint fails to allege that a defendant acted under color of state law. The complaint fails to demonstrate deprivation of a constitutional right.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendant deprived plaintiff of constitutional rights and resulting harm.

### **Deficiencies In *Monell* Claims**

The complaint appears to proceed against several Fresno County agencies but asserts no identifiable claims against the agencies. This Court advises plaintiff that a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691, 98 S.Ct. 2018; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986). A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decisionmaker – i.e., an official who 'possesses final authority to establish [local government] policy with respect to the [challenged] action.'" *Thompson*, 885 F.2d at 1443 (quoting *Pembaur*, 475 U.S. at 481, 106 S.Ct. at 1299 (plurality opinion)). "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government

custom." *Thompson*, 885 F.2d at 1444.

"[O]fficial policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018); *see Rizzo*, 423 U.S. at 370-377, 96 S.Ct. 598 (general allegation of administrative negligence fails to state a constitutional claim cognizable under section 1983).

The complaint lacks allegations of a policy or custom and resulting constitutional violation to set forth a *Monell* claim to further warrant dismissal of the complaint.

## **Prosecutorial Immunity**

The complaint appears to attempt to allege claims against individuals subject to absolute prosecutorial immunity. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430-431; 96 S.Ct 984 (1976); *Gabbert v. Conn*, 131 F.3d 793, 800 (9th Cir. 1997); *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir. 1989).

In *Schlegel v. Bebout*, 841 F.2d 937, 943-944 (9th Cir. 1988), the Ninth Circuit Court of Appeals provided guidance to determine the scope of prosecutorial immunity:

> Our inquiry must center on the nature of the official conduct challenged, and not the status or title of the officer. As a result, we must examine the particular prosecutorial conduct of which [plaintiff] complains. If we determine that the conduct is within the scope of [defendants'] authority and is quasi-judicial in nature, our inquiry ceases since the conduct would fall within the sphere of absolute immunity.
>
> To determine whether conduct of a state official is within his or her authority, the proper test is not whether the act performed was manifestly or palpably beyond his or her authority, but rather whether it is more or less connected with the general matters *committed* to his or her control or supervision. . . .
>
> Absolute immunity depends on the function the officials are performing when taking the actions that provoked the lawsuit. We must look to the nature of the activity and determine whether it is "intimately associated with the judicial phase of the criminal process." . . . Investigative or administrative functions carried out pursuant to the preparation of a prosecutor's case are also accorded absolute immunity. (Emphasis in original; citations omitted.)

Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986)(en banc).

Prosecutors and other eligible government personnel are absolutely immune from section 1983 damages in connection with challenged activities related to the initiation and presentation of criminal prosecutions. *Imbler*, 424 U.S. 409; *see also Kalina v. Fletcher*, 118 S.Ct. 502, 507 (1997); *Gabbert*, 131 F.3d at 800; *Roe v. City of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997); *Gobel*, 867 F.2d at 1203. "[A]bsolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810 (1985). Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Further activities intimately connected with the judicial phase of the criminal process include making statements that are alleged misrepresentations and mischaracterizations during hearings and discovery and in court papers, *see Fry v. Melaragno*, 939 F.2d 832,837-838 (9th Cir. 1991), and conferring with witnesses and allegedly inducing them to testify falsely, *see Demery*, 735 F.2d at 1144.

Here, many, if not all of the individual defendants, appear entitled to absolute immunity for prosecutorial actions. The prosecutorial immunity bars plaintiff's claims.

## **Further Immunity**

Defendants are entitled to immunity under the Eleventh Amendment to the federal Constitution, which provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has noted: "The [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject matter jurisdiction." *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2033 (1997).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert.*

*denied*, 503 U.S. 938 (1992)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Natural Resources Defense Council v. California Dept. of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *see also Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides further grounds to dismiss the complaint. The complaint alleges no conduct that falls outside the scope of the immunities. The defendant Fresno County agencies and individuals appear immune from suit as they performed functions intimately associated with the judicial process and/or were a state agency. *See Stevens v. Rifkin*, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

The complaint alleges no conduct that falls outside the scope of immunity.

### Malice

This Court is concerned that plaintiff has brought this action in absence of good faith and attempt to vex defendants because they investigated plaintiff for fraud. Such attempt to vex defendants provides further grounds to dismiss plaintiff's complaint.

### Attempt At Amendment

Plaintiff is admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES plaintiff's complaint, filed September 14, 2006, with leave to amend; and
2. ORDERS plaintiff, no later than October 10, 2006, to file an amended complaint in compliance with this order.

**This Court admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in recommendation to dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

**Dated:   September 25, 2006**          /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE